**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS DOMINGUEZ-CHIJ, | No. 25-1271 |
| Petitioner, | Agency No. A216-638-509 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 11, 2026
Pasadena, California

Before: SCHROEDER, WARDLAW, and BADE, Circuit Judges.

Jose Luis Dominguez-Chij, a native and citizen of Guatemala, petitions for

review of a decision by the Board of Immigration Appeals (BIA) affirming the

denial by an immigration judge (IJ) of his request for deferral of removal under the

Convention Against Torture (CAT).[1] We have jurisdiction under 8 U.S.C. § 1252,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] Petitioner does not challenge the agency's conclusion that he is ineligible for asylum and withholding of removal.

and we deny the petition.

1. Substantial evidence supports the BIA's determination that Petitioner failed to establish a particularized risk of torture with the acquiescence of a government official in Guatemala. Petitioner suffers from several mental health conditions and contends he will be tortured if placed in a psychiatric or penal institution in Guatemala. The government correctly responds that these fears are speculative and contingent upon Petitioner being institutionalized in Guatemala, which is unlikely. To the extent that Petitioner contends he would be the victim of gang violence and tortured with government acquiescence, there is no substantial evidence to support this claim. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836-37 (9th Cir. 2016); *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014).

2. The IJ properly rejected evidence of Petitioner's experience in a United States institution as irrelevant. Petitioner had an opportunity to fully present his case, and his presentation was not limited in any meaningful respect. Accordingly, he fails to establish a due process violation. *See Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011); *Almaghzar v. Gonzales*, 457 F.3d 915, 921 (9th Cir. 2006).

3. The BIA considered all of Petitioner's claimed sources of torture and properly concluded that, in the aggregate, they did not establish a likelihood he would be tortured in Guatemala. *See Velasquez-Samayoa v. Garland*, 49 F.4th

1149, 1154-55 (9th Cir. 2022); *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 894-95 (9th Cir. 2018).

4. The record refutes Petitioner's contention that the agency ignored Dr. Linscott's psychological evaluation assessing the severity of his mental health symptoms. We do not address Petitioner's claims regarding the agency's consideration of Dr. Kirkland's report and testimony because they are unexhausted. *See Magana-Magana v. Bondi*, 129 F.4th 557, 573-74 (9th Cir. 2025).

**PETITION DENIED.**